# EXHIBIT 1

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Adriana Magallanes</u>
 Plaintiff

Case # _____
Judge  _____

vs.
<u>Vacation Resorts International, Inc.</u>
 Defendant

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☒ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

**III.    TYPE OF CASE**     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
  ☐ Residential Evictions
  ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

 **IV. REMEDIES SOUGHT** (check all that apply):
 ☒ Monetary;
 ☒ Nonmonetary declaratory or injunctive relief;
 ☒ Punitive

 **V. NUMBER OF CAUSES OF ACTION:** [ ]
 (Specify)

  2

 **VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
  ☐ yes
  ☒ no

 **VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  ☒ no
  ☐ yes If "yes," list all related cases by name, case number, and court.

 **VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
  ☒ yes
  ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Anthony M Georges-Pierre  Fla. Bar # 533637
   Attorney or party      (Bar # if attorney)

Anthony M Georges-Pierre   07/07/2021
(type or print name)     Date

                                                                **IN THE CIRCUIT COURT OF THE**
                                                                **11th JUDICIAL CIRCUIT, IN AND FOR**
                                                                **MIAMI-DADE COUNTY, FLORIDA**

                                                                **CASE NO.:** _____

**ADRIANA MAGALLANES,**

      **Plaintiff,**

v.

**VACATION RESORTS INTERNATIONAL, INC.,**

      **Defendant.**

_____/

## COMPLAINT

Plaintiff, ADRIANA MAGALLANES ("Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint against Defendant, VACATION RESORTS INTERNATIONAL, INC. ("Defendant") and in support states as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000, excluding attorney fees or costs, pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA") to redress injuries resulting from Defendant's unlawful, discriminatory treatment of Plaintiff.

2. Plaintiff is a person with a disability within a class of individuals protected by the FCRA.

3. Plaintiff was and continues to be, a resident of Miami-Dade County, Florida; and was an employee of Defendant, performing duties as qualified personnel for the Defendant, within a company operated business facility, located in Miami-Dade County, Florida.

4. Defendant is a Corporation, duly authorized to conduct business in the State of Florida and Miami-Dade County, Florida.

5. Defendant is an "employer" pursuant to Florida Civil Rights Act of 1992, Fla. *Stat. Section 760.01, et seq.,* (hereinafter referred to as "FCRA") since it employs fifteen or more employees for the applicable statutory period; and thus, it is subject to the employment discrimination provisions of the applicable statutes.

6. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla *Stat. Section 760.01, et seq.*

7. Venue is proper in Miami-Dade County, Florida, pursuant to Fla. Stat. Section 47.011, because all of the actions complained of herein occurred within the jurisdiction of the Eleventh Judicial Circuit, In and for Miami-Dade County, Florida.

8. Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC), the agency which is responsible for investigating claims of employment discrimination.

9. All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**FACTUAL ALLEGATIONS**

10. Plaintiff is a disabled person for purposes of the FCRA.

11. Plaintiff started working for Defendant on or about January 18, 2017 as a supervisor.

12. On or about February 2020, Plaintiff suffered a panic and anxiety attack while at work. Plaintiff suffered this attack due to the amount of stress she was under.

13. Plaintiff went home that day and went to speak to her doctor.

14. Later on, that week Plaintiff was written up by General Manager Magaly Rodriguez for her behavior earlier in the week.

15. Plaintiff explained that her actions were a result of a medical condition.
16. Plaintiff was not allowed to provide her explanation of what happened and was reprimanded.
17. After Plaintiff signed the write up, she was terminated by Magaly Rodriguez that same week.
18. Plaintiff had no one to complain to when this happened, since Defendant had no human resources representative on the scene. The only way to contact HR was to call a number based in New York, that left you on hold.
19. Plaintiff's doctor diagnosed her with anxiety and panic attack

## COUNT I- DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.
21. Plaintiff is a member of a protected class under the FCRA.
22. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.
23. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is disabled.
24. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

25. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

26. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

27. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

28. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

29. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights.

30. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful

employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II – RETALIATION IN VIOLATION OF FCRA

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

32. By the conduct describe above, Defendant retaliated against Plaintiffs for exercising rights protected under the FCRA.

33. Defendant's conduct complained of herein was willful and in disregard of Plaintiffs' protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

34. As a result of Defendant's actions, as alleged herein, Plaintiffs have been deprived of rights, have been exposed to ridicule and embarrassment, and they have suffered emotional distress and damage.

35. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiffs, deprived Plaintiffs of statutory rights under

federal law.

36. The actions of Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to Plaintiffs' statutorily protected rights, thus entitling Plaintiffs to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

37. Plaintiffs have suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated this __7__ day of July, 2021

                                                 Respectfully submitted,

                                                 **REMER & GEORGES-PIERRE, PLLC**
                                                 COURTHOUSE TOWER
                                                 44 West Flagler Street, Suite 2200
                                                 Miami, Florida 33130
                                                 Tel.  (305) 416-5000
                                                 E-Mail: agp@rgpattorneys.com
                                                                                mhorowitz@rgpattorneys.com

                                                 /s/: Anthony M. Georges-Pierre
                                                 Anthony M. Georges-Pierre, Esq.
                                                 Florida Bar Number: 0533637
                                                 Max L. Horowitz, Esq.
                                                 Florida Bar Number: 118269

Filing # 130259522 E-Filed 07/08/2021 12:01:56 PM

IN THE CIRCUIT COURT OF THE<br>
11th JUDICIAL CIRCUIT, IN AND FOR<br>
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2021-016729-CA-01

**ADRIANA MAGALLANES,**

    Plaintiff,

v.

**VACATION RESORTS INTERNATIONAL, INC.,**

    Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** VACATION RESORTS INTERNATIONAL, INC., through its Registered Agent:

    CORPORATION SERVICE COMPANY
    1201 HAYS ST
    TALLAHASSEE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    ANTHONY M. GEORGES-PIERRE, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

                              7/20/2021

_____            _____
CLERK                                                        DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2021-016729-CA-01

ADRIANA MAGALLANES,

    Plaintiff,

v.

VACATION RESORTS INTERNATIONAL, INC.,

    Defendant.
_____/

## SUMMONS IN A CIVIL CASE

**TO:** VACATION RESORTS INTERNATIONAL, INC., through its Registered Agent:

    CORPORATION SERVICE COMPANY
    1201 HAYS ST
    TALLAHASSEE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    ANTHONY M. GEORGES-PIERRE, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                                        DATE

_____
(BY) DEPUTY CLERK

# RETURN OF SERVICE

State of Florida

County of MIAMI DADE

Circuit Court

Case Number: 2021-016729 CA 01

ROD2021000368

Plaintiff:
**ADRIANA MAGALLANES**

vs.

Defendant:
**VACATION RESORTS INTERNATIONAL, INC.,**

For:
ANTHONY GEORGES-PIERRE
REMER & GEORGES-PIERRE PLLC
44 WEST FLAGLER
SUITE 2200
MIAMI, FL 33130

Received by Due Process Global LLC on the 26th day of July, 2021 at 8:44 am to be served on **VACATION RESORTS INTERNATIONAL, INC., THROUGH ITS REGISTERED AGENT CORPORATION SERVICE COMPANY, 1201 HAYS STREET, TALLAHASSEE, FL 32301**.

I, William J. Lord, do hereby affirm that on the **27th day of July, 2021** at **9:25 am**, I:

served a **CORPORATION** by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **Sheena Black** as **Customer Service Specialist** for VACATION RESORTS INTERNATIONAL, INC., THROUGH ITS REGISTERED AGENT, at the address of: **1201 Hays Street, Tallahassee, FL 32301**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalties of perjury, I declare that I have read the foregoing document and the facts stated in it are true. No Notary required pursuant to F.S.92.525(2)

William J. Lord
#067

Due Process Global LLC
P.O. Box 612576
Miami, FL 33261

Our Job Serial Number: ROD-2021000368

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2c